IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ELIZABETH SEEGERS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:26-cv-00042-MJT |
| | § | |
| TRUHEALTH, LLC, and AMERICAN | § | |
| HEALTH PARTNERS, INC. | § | |
| | § | |
| *Defendants*. | § | |

## REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff's disability discrimination claims under the Texas Commission on Human Rights Act, Texas Labor Code Chapter 21 ("TCHRA") should be dismissed with prejudice, because Plaintiff fails to plead sufficient facts to state a plausible claim for relief. As detailed below and in Defendants' Motion to Dismiss Plaintiff's Original Complaint (Doc. 11), the arguments in Plaintiff's Response (Doc. 16) are unavailing. Plaintiff's opposition confirms that she had no return-to-work date, and therefore, was not a qualified individual. As such, she cannot meet the prima facie elements for her claims as a matter of law.

### I.        ARGUMENTS & AUTHORITIES

#### A.  Plaintiff must plead sufficient facts that demonstrate plausible claims

Plaintiff first contends that she is not required to plead a *prima facie* case of discrimination at the pleading stage.[1] Plaintiff's argument is incorrect. While Defendants' Motion is not governed by the *McDonnell Douglas* evidentiary standard, in evaluating whether Plaintiff has pled sufficient facts on all the required elements of her claims, "it can be helpful to reference the *McDonnell*

---

[1] Doc. 16 – Plaintiff's Response in Opposition to Defendants' Motion to Dismiss ("Response") at pp. 4, 6.

*Douglas* framework, on which [Plaintiff] would continue to rely if [s]he based [her] claim[s] on circumstantial evidence, and under which [Plaintiff] would ultimately have to show" the prima facie elements. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citing *Flores v. Select Energy Servs., L.L.C.*, 486 Fed. Appx. 429, 432 (5th Cir. 2012) (upholding dismissal of plaintiff's discrimination claim for failing to plead sufficient facts on two of the prima facie elements). As such, courts should "refer to the prima facie elements of a discrimination claim to guide [its] analysis as to whether [Plaintiff] has pleaded sufficient facts to support a plausible claim for discrimination." *Angus v. Mayorkas*, No. 22-50600, 2023 WL 3918986, at *6 & n. 13 (5th Cir. June 9, 2023) (dismissed plaintiff's sex discrimination claim for failing to plead that comparators outside her protected class were treated more favorably); *Hanson v. American Airlines, Inc.*, 2025 WL 3771449, at *4 (N.D. Tex. Dec. 31, 2025) (granting 12(b)(6) motion to dismiss disability and failure to accommodate claims as plaintiff was not qualified for the position nor did she allege facts of a disability other than reciting a legal conclusion).

### B. Plaintiff's medical note and job description are properly before the Court under settled Fifth Circuit precedent

Plaintiff next contends the Court may not consider Plaintiff's medical note and her job description, which Defendants attached their motion.[2] Plaintiff is, again, incorrect. It is well settled in the Fifth Circuit that courts may consider documents attached to a motion that are referred to in the complaint and are central to the plaintiff's claims in deciding a motion under Rule 12(b)(6). *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) ("When a defendant attaches documents to its motion that are referred to in the complaint and are central to the plaintiff's claims, the court may also properly consider those documents."); *Collins v. Morgan*

---

[2] Response at p. 8, 18.

*Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (documents attached to a motion to dismiss or to a response to a motion to dismiss "are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s].").

Here, Plaintiff's Original Complaint specifically references and quotes from her medical condition and doctors' notes, stating, "'I have attached my PCP note/return to work letter and the letter from my rheumatologist documenting my health issues and requesting accommodations.' Plaintiff attached both documents to that email."[3]  Plaintiff further alleges "[t]he primary care physician's note addressed Plaintiff's recovery from COVID-19 and pneumonia and her anticipated return-to-work date."[4] Thus, the Court may consider Plaintiff's doctor's notes. *See Walker, supra*, 938 F.3d at 735; *see also Liss v. Nassau County*, 425 F. Supp. 2d 335, 339 (E.D.N.Y. 2006) (District court could consider doctor's notes that were incorporated by reference in complaint in deciding a 12(b)(6) motion to dismiss ADA claims); *Valenzuela v. Culinary Training Academy*, No. 2:10-cv-02012-RLH-PAL, 2011 WL 2609861, at * 2 (D. Nev. June 29, 2011) ("the Court may and shall consider the doctor's note alleged in Valenzuela's complaint but only attached to Defendant's motion").

Likewise, Plaintiff's Original Complaint specifically alleges that she "began working for Defendants in 2024 in a position that required travel to different healthcare facilities" and makes several allegations about the "essential functions" of her position.[5]  While a job description may not be the sole resource for determining an employee's essential job functions, it is certainly the starting point and a court may consider "evidence of the employer's judgment of a position, written

---

[3] Plaintiff's Complaint at ¶ 20.

[4] *Id.* ¶ 21.

[5] *Id*. at ¶¶ 10, 29, 30.

3

job descriptions prepared before advertising or interviewing applicants for the job, the work experience of past incumbents of the job, and the work experience of current incumbents in similar jobs" when ruling on a motion to dismiss. *Pace v. Portland Community College*, 2020 WL 7090130, at *2 (D. Ore. Oct. 5, 2020) (quoting *Basith v. Cook Cty.*, 241 F.3d 919, 927 (7th Cir. 2001) (citing 29 C.F.R. § 1630.2(n)(3)). These documents are alleged in and central to the issues in the Complaint and the Court should consider them.

### C. Plaintiff concedes that travel was an essential function of her job, and her treating physician prohibited her from traveling for an indefinite period

Plaintiff pleads that traveling to different healthcare facilities was for the purpose of seeing patients and was an essential function of her job.[6] Plaintiff further pleads that she has multiple autoimmune diseases, including psoriatic arthritis, that make her immunocompromised; her condition worsened in February 2025; and (as confirmed by Exhibit B of Defendants' Motion) her treating rheumatologist said she could not travel or see patients."[7] In fact, her condition was "so severe that navigating the halls and bending, squatting, and stooping (to get on the same level as the patient), would be very difficult" and she was "physically unable to step into the APP role and round weekly to see patients."[8] In other words, she was simply unable to carry out her primary duties and responsibilities due to her illness.

Moreover, while Plaintiff was "doing [her] best to recover and return to work in [her] full capacity," she admittedly "need[ed] some time to continue to recover" before traveling again but did not know when she would be able to return.[9] In requesting an accommodation, Plaintiff told

---

[6] *Id.* at ¶¶ 10, 16, 18.

[7] *Id*. at ¶¶ 12-18; Defendants' Motion at Ex. B.

[8] Plaintiff's Complaint at ¶¶ 18.

[9] *Id*. at ¶¶ 18, 22.

Defendants it was temporary and she would be able to return in "4-6 weeks," presumably in reference to her follow-up appointment on April 10, 2025. But this was only her subjective belief and was not reflected in the medical documentation she provided. It is undisputed that Plaintiff's rheumatologist stated only that Plaintiff had a "follow up appointment" scheduled for April 10, 2025, during which (according to Plaintiff) her limitations would be "re-evaluated."[10] The rheumatologist did not provide a return-to-work date and further noted that Plaintiff's condition "continue[d] to be active despite aggressive treatment."[11]

At that point, Defendants were forced to determine the best course of action given the various factors involved. This included Defendants' obligation to provide continuing, quality medical care and case management to the specialized patient population that Defendants serve and in compliance with strict standards and regulations enforced by CMS. Adherence is essential to maintain Defendants' contracts with the Special Needs Plans (SNP)[12] contracts and requires "boots on the ground" monitoring, training, and treatment by nurse practitioners in Plaintiff's role.[13]

With all that in mind, Plaintiff first argues that she requested light duty, not leave, by being allowed to use "TEAMS/Zoom for meetings."[14] Even accepting that claim as true, it is well settled that Defendants were under no obligation to create a light duty position or create light duty workloads for Plaintiff. *Foreman v. Babcock & Wilcox Co.,* 117 F.3d 800, 809 (5th Cir. 1997) ("An employer is not required to create 'light duty' jobs to accommodate."); *Benavides v. Texas Dep't of Family and Protective Services*, 2023 WL 8421147, at *8 (W.D. Tex. Dec. 4, 2023) (citing *Turco*

---

[10] *Id*. at ¶ 22.

[11] Defendants' Motion at Ex. B.

[12] https://www.cms.gov/medicare/enrollment-renewal/special-needs-plans.

[13] *See* Defendants' Motion at Ex. A; https://ourtruhealth.com/#home.

[14] Response at p. 14.

FP 62676218.1

*v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1094 (5th Cir. 1996)).

Second, Plaintiff contends that her primary care physician's note (who was treating her for COVID and pneumonia) stated she would "return to work on 3/3/25,"[15] but this is immaterial given her requested accommodation based her rheumatologist's restrictions. Instead, Plaintiff "*estimated* she would need '4-6 weeks' to recover."[16] As noted above, Plaintiff's estimate was only her subjective belief as the rheumatologist did not say she would be allowed to travel or see patients on April 10, only that Plaintiff would be re-evaluated. As such, Defendants rightfully evaluated Plaintiff's accommodation request by looking to the medical documentation.[17] Moreover, it is lack of uncertainty that makes this kind of accommodation unreasonable. Contrary to Plaintiff's arguments, the question is not whether Plaintiff's restrictions were temporary. The question is whether there was a date upon which Defendants could rely to evaluate the burden imposed by Plaintiff's requested accommodation and plan operations accordingly. As the Fifth Circuit has recognized for decades, "[n]othing in the text of the reasonable accommodation provision requires an employer to wait an indefinite period for an accommodation to achieve its intended effect" or for "the employee's medical conditions to be corrected." *Rogers v. International Marine Terminals,*

---

[15] *Id*. at p. 15.

[16] *Id*.

[17] *See Ott v. Crown Cork & Seal Co., Inc.*, No. C 96-2158 SBA, 1997 WL 231110, at *7 (N.D. Ca. Mar. 26, 1997) (holding plaintiff was not a qualified person with a disability where "Plaintiff's subjective belief that he was able to return to work is not supported by the medical evidence."); *Jackson v. Simon Property Group, Inc.*, 795 F. Supp. 2d 949 (N.D. Ca. 2011) ("As a matter of law, Plaintiff cannot be a qualified individual if his own doctors had not released him to attend his job."); *Alexander v. Northland Inn*, 321 F.3d 723, 727 (8th Cir. 2003) (holding employer entitled to rely on physician's restriction of employee from vacuuming and that "the employee's belief or opinion that she could do the function is simply irrelevant."); *Martin v. State of Kansas*, 996 F. Supp. 1282, 1292 (D. Kan. 1998) (subjective belief that plaintiff can perform essential functions insufficient to rebut medical restrictions), *aff'd*, 190 F.3d at 1133; *Denson v. Steak 'n Shake, Inc.*, 910 F.3d 368, 371 (8th Cir. 2018) ("the ADA does not require an employer to permit an employee to perform a job function that the employee's physician has forbidden and... an employee's subjective belief that he or she can perform the essential functions of the job is irrelevant.").

*Inc.*, 87 F.3d 755, 759-60 (5th Cir. 1996). Rather, a reasonable accommodation is on that "enables the employee to perform the essential functions of the job." *Id*. And, as at least two other courts in this district and the Western District have held more recently, a request for light duty for an indefinite period is unreasonable as a matter of law. *Stockton v. Christus Health Southwest Texas*, No. 1:15-CV-333, 2017 WL 1287550, at *13 (E.D. Tex. Feb. 3, 2017) (citing *Rogers*, 87 F.3d at 760); *Gonzalez v. United Parcel Serv., Inc.*, No. 5:15-CV-986-RCL, 2018 WL 4699274, at *13 (W.D. Tex. Sept. 28, 2018) (same).

Plaintiff further avers that Defendants were required to contact Plaintiff's rheumatologist regarding the duration of her restriction—even after they had already sought and received the medical documentation—but cite no supporting case law.[18] Even so, Plaintiff's rheumatologist had unambiguously stated that Plaintiff's illness was severe despite aggressive treatment, she was restricted from traveling or seeing patients, and she had a follow-up appointment on April 10. It was reasonable for Defendants to conclude that they had all the information available and that Plaintiff would have provided documentation supporting her estimated return date if any existed.

Finally, Plaintiff attempts to distinguish *Moss v. Harris County Constable Precinct One*, 851 F.3d 413, 419 (5th Cir. 2017) because it involved a request for leave.[19] Plaintiff ignores *Stockton* (cited in Defendants' Motion) and *Gonzalez* (cited above) where the courts recognized that indefinite accommodations are unreasonable in the context of other restrictions, not just leave.

### D. The Nature of Plaintiff's Alleged Medical Conditions Do Not Change Her Indefinite Leave

Defendants argued strictly in the alternative that Plaintiff's claims should be dismissed

---

[18] Response at p. 15.

[19] *Id.* at p. 16.

7

because COVID and pneumonia are not disabilities.[20] Plaintiff devotes several pages to this argument, claiming that the 2008 ADA Amendments Act ("ADAAA") renders Plaintiff's COVID and pneumonia as disabilities and that Defendants' case citations are "outdated," even though there are numerous post-ADAAA decisions that hold that COVID and pneumonia are not disabilities. *See, e.g.*, *Gray v. Winco Foods, LLC*, 683 F. Supp. 3d 571, 588 (E.D. Tex. 2023) ("This Court agrees with other courts across the country that have held that merely being infected with COVID-19 and experiencing short-term symptoms, as was the case with Gray, does not constitute a disability under the ADA"); *Roman v. Hertz Loc. Edition Corp.*, No. 3:20-CV-2462-BEN (AGS), 2022 WL 1541865, at *7 (S.D. Cal. May 16, 2022) ("The federal courts mostly agree that a short-term COVID-19 infection does not qualify as an ADA disability.") (collecting cases); *Anderson v. L. Keeley Constr.*, No. 4:22-CV-710, 2022 WL 3585596, at *2 (E.D. Mo. Aug. 22, 2022); *Worrall v. River Shack LLC*, No. 3:22-CV-392, 2022 WL 3371345, at *3–5 (N.D. Tex. Aug. 15, 2022) (finding that the plaintiff's alleged COVID-19 infection was "transitory and minor" and not a disability within the meaning of the ADA and collecting cases).

### E.  Plaintiff Fails to Sufficiently Plead the Exhaustion of Administrative Requirements.

Plaintiff's Complaint merely alleges that that she filed a charge with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC"), and therefore, she "has satisfied all administrative prerequisites to suit, and this action is timely filed."[21] Plaintiff's allegations are deficient as she fails to allege when she filed her charge and whether, much less when the EEOC or TWC issued a notice of right to sue. Plaintiff's failure to allege these necessary facts is a jurisdictional defect that deprives the Court of jurisdiction. *Shabazz v. Tex.*

---

[20] Defendants' Motion at p. 11.

[21] Plaintiff's Complaint at ¶ 9.

FP 62676218.1

*Youth Comm'n*, 300 F. Supp. 2d 467, 471 (N.D. Tex. 2003) (dismissing the plaintiff's claim under Rule 12(b)(6) where the plaintiff alleged that he filed a charge but failed to allege that a right to sue letter was issued or received); *Dao v. Auchan Hypermarket*, No. H-95-2619, 1995 WL 902483, at *2 (S.D. Tex. Dec. 5, 1995), aff'd 96 F.3d 787 (5th Cir. 1996) (dismissing plaintiff's ADA claim under Rule 12(b)(6) because the plaintiff did not allege in her complaint that she filed a charge with the EEOC or that she obtained a right to sue letter prior to filing suit). Moreover, to the extent the TWC has not released jurisdiction, the Complaint solely alleging TWC claims should be dismissed. *De La Fuente v. Southern Glazer's Wine and Spirits of Texas, LLC*, 2025 WL 3470870, at *1 (W.D. Tx. Dec. 1, 2025) ("Plaintiff's failure to exhaust his administrative remedies is a jurisdictional bar under the Texas Labor Code claim, which plainly states a person 'who has an action pending before an administrative agency ... may not file a complaint under this subchapter for the same grievance.' The effect of this statue is clear: Plaintiff's Texas Labor Code claim must be dismissed for lack of jurisdiction.") (citing Tex. Labor Code. § 21.211).

## II.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants move the Court to dismiss Plaintiff's causes of action for disability discrimination and failure to accommodate her alleged disability under the TCHRA with prejudice given that no amendment would cure the deficiencies argued above. Defendants further request their costs of court and any recoverable attorney's fees, and any further relief to which the Court finds they are justly entitled.

FP 62676218.1

Respectfully submitted,

*/s/ Collin K. Brodrick*
Collin K. Brodrick
Texas Bar No. 24087212
cbrodrick@fisherphillips.com
FISHER & PHILLIPS LLP
500 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122

**COUNSEL FOR DEFENDANT**S

## CERTIFICATE OF SERVICE

In accordance with FED. R. CIV. P. 5(b), I certify that I served the foregoing on all counsel of record by via the Court's ECF system on March 27, 2026.

*/s/ Collin K. Brodrick*
Collin K. Brodrick

10