**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| ELIZABETH SEEGERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIV. ACTION NO. 4:26-cv-00042-MJT |
| | § | |
| TRUHEALTH, LLC and | § | |
| AMERICAN HEALTH PARTNERS, INC., | § | |
| | § | |
| *Defendants*. | § | |

---

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS[1]**

---

Plaintiff Elizabeth Seegers respectfully submits this Sur-Reply to address arguments raised in Defendants' Reply (Doc. 19): newly cited authority on the pleading standard; misapplication of *Gonzalez* and *Foreman* to Plaintiff's accommodation request; and a misreading of Texas Labor Code § 21.211 and the authority cited in support of it.

I.      **Defendant's New Authorities Do Not Support Dismissal — Each Case Was Dismissed on Elements Not at Issue Here.**

Defendants invoke *Chhim v. University of Texas at Austin*, 836 F.3d 467 (5th Cir. 2016), *Angus v. Mayorkas*, No. 22-50600, 2023 WL 3918986 (5th Cir. June 9, 2023), and *Hanson v. American Airlines, Inc.*, 2025 WL 3771449 (N.D. Tex. Dec. 31, 2025), as though they establish a uniform pleading rule applicable here. A review of each opinion reveals that they either: (a) were not dismissed on the "qualified individual" element that Defendants actually contest here; or (b) involved a case of undisputed disqualification as a matter of federal statute.

---

[1] This Sur-Reply is filed as of right pursuant to Local Rule CV-7(f).

*Chhim* and *Angus* were both pro se Title VII disparate treatment cases dismissed because the plaintiffs pled zero facts going to the comparator element — the showing that similarly situated employees outside the protected class were treated more favorably. The qualified individual element was not in dispute in either case, and neither case involved an ADA failure-to-accommodate claim. And *Chhim* itself expressly confirms that a plaintiff "need not submit evidence to establish a prima facie case of discrimination at this stage," and that dismissal is warranted only when a plaintiff fails to plead sufficient facts on the "ultimate elements" of the claim. *Chhim*, 836 F.3d at 470. A case dismissed for failure to plead comparator facts has nothing to say about what is required to plead the qualification element — and cannot support dismissal on that basis.

*Hanson* was dismissed on the qualified individual element, but for a reason with no parallel here: the plaintiff was disqualified as a matter of law by a federal TSA regulation prohibiting security clearance for anyone convicted of felony drug possession — a legal impossibility, not a contested factual question about whether an employee could perform her job with a temporary accommodation. The *Hanson* court separately observed that the plaintiff "failed to identify her claimed disability or allege any facts regarding how such disability substantially limits a major life activity," offering only the legal conclusion that she "suffers from a medical condition that substantially limits major life activities."

Seegers's Complaint presents none of these deficiencies. It identifies psoriatic arthritis and immunocompromise by name, describes specific functional limitations arising from each — including her inability to travel, to bend and squat to patient level, and to withstand the physical demands of patient care rounds — and alleges that these conditions were active and severe despite aggressive treatment at the time of her termination. No federal regulation or analogous

legal bar disqualifies her. Defendants are citing cases that were dismissed on entirely different elements, for categorically different reasons, to attack a complaint that actually pleads what those plaintiffs failed to plead.

## II.    Defendants Misapply *Gonzalez* and *Foreman*.

### A.    *Gonzalez* involved extreme facts with no parallel here.

The plaintiff in *Gonzalez v. United Parcel Service, Inc.*, 2018 WL 4699274 (W.D. Tex. Sept. 28, 2018), had been continuously absent since April 2013 — nearly a full year before his accommodation request. During that period, he and his physician submitted to a federal long-term disability insurer, under penalty of perjury, that he was "completely unable to work in any capacity." He simultaneously received SSDI benefits on the same sworn representation. When he finally sought to return, his physician documented cognitive impairments from medication for which no accommodation was proposed or possible. Gonzalez conceded at deposition that no part-time position existed anywhere in the company, meaning his accommodation would have required UPS to create one.

None of these facts apply here. Seegers was not on extended leave, made no sworn representations of total inability to work, requested no new position, and proposed a defined, technology-facilitated modification to her existing role for approximately four to six weeks using tools her team already had available. The "indefinite" rationale that drove *Gonzalez* was tethered to a categorically different factual record.

### B.    *Foreman* involved reassignment, not temporary modification of an existing  role.

In *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800 (5th Cir. 1997), the plaintiff sought either reassignment to any of approximately 100 salaried positions or, alternatively, a permanent

restructuring of his existing job to eliminate the function of entering shop floors — a function comprising 20-30% of his duties. The district court held, and the Fifth Circuit affirmed, that the employer was not required "to eliminate an essential function of the job . . . and in effect create a new job." The court's further statement that "a position must first exist and be vacant" applied exclusively to the reassignment request.

Seegers requested neither reassignment nor permanent elimination of any essential function. She requested a temporary, technology-facilitated modification to her existing CPM role for the duration of an acute recovery period. The ADA expressly identifies "modified work schedules" and "job restructuring" as examples of reasonable accommodation. *Foreman*, 117 F.3d at 808 (quoting 42 U.S.C. § 12111). Applying *Foreman* to a short-term remote-work request stretches that decision far beyond its holding.

III.     **Defendants' Exhaustion Argument Misreads the Statute and the Case They Cite.**

A.     **TCHRA 21.211 bars duplicate administrative filings — not civil lawsuits.**

Texas Labor Code ("TCHRA") Sec. 21.211 provides that a person "who has initiated an action in a court…or who has an action pending before an administrative agency….may not file a complaint under this subchapter for the same grievance." Tex. Labor Code § 21.211.  By its plain text, this provision governs the filing of administrative *complaints* — not the initiation of "civil actions" in court.  It means a plaintiff cannot file a TCHRA complaint after having already filed a lawsuit.

This reading is confirmed by § 21.252(d), which expressly states that "failure to issue the notice of a complainant's right to file a civil action does not affect the complainant's right under this subchapter to bring a civil action against the respondent." Tex. Labor Code § 21.252(d). The TCHRA contains no right-to-sue prerequisite. Defendants' reliance on *Shabazz* and *Dao* is

misplaced: both cases arose under the ADA and Title VII, which operate under different exhaustion frameworks that have no analog in the TCHRA.

### B.   *De La Fuente* is factually inapposite and legally unsound.

The plaintiff in *De La Fuente v. Southern Glazer's Wine and Spirits of Texas, LLC*, 2025 WL 3470870 (W.D. Tex. Dec. 1, 2025), filed suit <u>before</u> the 180-day administrative period expired — his TWC proceeding was indisputably live at the moment he filed. The § 21.211 bar applied solely because the condition the statute addresses — an "action pending before an administrative agency" — was present on the day of filing.

In contrast, Seegers filed her EEOC charge on May 6, 2025, and filed suit on January 14, 2026 — more than two months after the 180-day period expired. No action was "pending before an administrative agency" when she filed. Defendant has not claimed that it was, because Defendat knows that claim would be false. The factual predicate of *De La Fuente* is simply absent in this case.

Moreover, *De La Fuente* was decided on an unopposed motion filed without any adversarial briefing on the statute's text, in a three-page order involving a pro se plaintiff. It applied § 21.211's administrative filing restriction to a civil lawsuit — a reading the statute's plain language does not support — without the benefit of contrary argument. It does not constitute persuasive authority for the proposition Defendants advance.

## IV.   <u>Conclusion.</u>

Each new argument raised in the Reply either misrepresents the authority cited, applies cases decided on entirely different elements and facts, or conflicts with the plain text of Texas Labor Code § 21.252(d). The Motion to Dismiss should be denied in its entirety. In the

alternative, should the Court identify any pleading deficiency, Plaintiff respectfully requests leave to amend.

Respectfully submitted,

Tremain Artaza, PLLC

By: */s/ Ashley E. Tremain*
Ashley E. Tremain
Texas State Bar No. 24066209

6060 N. Central Expy., Ste. 567
Dallas, Texas 75206
Telephone: 469-573-0229
Facsimile: 214-254-4941
Ashley@tremainartaza.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

On March 31, 2026, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties of record electronically.

*/s/ Ashley E. Tremain*