**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **ELIZABETH SEEGERS,** | § | |
| | § | |
| *Plaintiff,* | § | **Case No. 4:26-cv-00042-MJT** |
| | § | |
| **v.** | § | |
| | § | |
| **TRUHEALTH, LLC and AMERICAN** | § | |
| **HEALTH PARTNERS, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendants.* | § | |

## JOINT REPORT REGARDING SCHEDULING
## ORDER & CASE MANAGEMENT PROCEDURES

TO THE HONORABLE JUDGE OF THIS COURT:

Lead counsel for each party - Ashley E. Tremain for the Plaintiff, and Collin K. Brodrick for the Defendants, conferred on March 11, 2026, and: (1) considered the nature and basis for their claims and defenses; (2) considered the possibilities for a prompt resolution of the case; and (3) arranged for the disclosures required by Fed. R. Civ. P. 26(a)(1) to be exchanged on or before April 6, 2026.

The Parties have not yet conducted any formal settlement negotiations. Plaintiff sent a pre-litigation demand letter on November 25, 2025, to which Defendant did not respond.  The parties have discussed the possibility of having settlement discussions after the Court rules on the pending Motion to Dismiss.

The Parties provide the following information about the case to the Court, and propose the following deadlines and case management procedures:

1.      A brief statement of the claims and defenses.

Plaintiff claims Defendants discriminated against her based on disability and failed to provide reasonable accommodations in violation of Texas Labor Code Chapter 21. Specifically, Plaintiff alleges she was wrongfully terminated on March 3, 2025, after requesting temporary accommodations for her disability (psoriatic arthritis exacerbated by COVID-19 and pneumonia), and that Defendants failed to engage in the interactive process.

Defendants have filed a Motion to Dismiss the Original Complaint as Plaintiff has failed to plausibly allege a claim for disability discrimination or failure to accommodate her alleged disability under Texas Labor Code Chapter 21. Specifically, Plaintiff was not qualified for her position as she concedes that she had no return-to-work date, and as a matter of law, indefinite leave is not a reasonable accommodation under established Fifth Circuit precedent.

2.      The jurisdictional basis for this suit.

The Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332 .

3.      Whether the initial mandatory disclosures required by Rule 26(a)(1) and the Court's Order have been completed.

Defendants served Initial Disclosures on 04/03/2026, but Plaintiff asserts those disclosures did not include  (a) the correct names of the parties to the action, (b) the names, addresses and telephone numbers of any potential parties to the action, (c) the addresses and telephone numbers of persons having knowledge of facts (instead, Defendant just listed them as "%" their law firm), (d) copies of any disclosure documents; or (e) a copy of the applicable insurance policy.  Plaintiff maintains that these disclosures were not complete, and that as a result, Plaintiff asserts that Defendants have not complied with the disclosure requirements at this time.

Defendants disagree with Plaintiff's position because Defendants' Initial Disclosures: (a) state the names of the party Defendants as follows: "Defendants American Health Companies, LLC d/b/a American Health Partners (improperly identified in the Complaint as "American Health Partners, Inc." and TruHealth LLC, f/k/a TruHealth, Inc."; (b) identified two current management employees who may be contacted by counsel for Defendants; and (c) described the categories of documents in their possession, and thereafter, notified Plaintiff's counsel that Defendants will supplement its response with copies of documents, including the applicable insurance policy. Plaintiff, therefore, has prematurely raised a discovery dispute in this joint report.

Plaintiff asserts that she has complied with the initial disclosure requirements in Rule 26(a)(1) and the Court's Order on 04/06/2026, with one exception - the Court's standard order requires Plaintiff to also provide "the records or the authorizations described in Local Rule CV-34." Plaintiff objects to that requirement, and requests that an exception — or a more specific guidance on the scope of the required authorizations – be made. The local rule requires that, when "lost earnings, lost earning capacity, or back pay is at issue," Plaintiff must furnish

signed authorizations for the "wage and earning records of past and present employers," and "the Social Security Administration." The scope of this order is overbroad and problematic for several reasons:

(a) Discovery directed to present employers is highly disruptive. It carries a high risk that it will interfere with Plaintiff's current employment. *See e.g. Conrod v. Bank of New York*, 1998 WL 430546, *2 (S.D.N.Y. 1998) ("By issuing a subpoena to employee's current employer, defense counsel caused employee to worry about her continued employment relationship, in a manner amounting to harassment. Because of the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort."). *See also Boyd v. Smart Start,* Case 4:23-cv-00077-BP (N.D. Tex., Nov. 14 2023) (quashing subpoena to other employers, noting that the Plaintiff's "privacy interest in those records" was not outweighed by any other concern; Defendant could not show how they were relevant or proportional to the needs of the case).

(b) Discovery requests sent to a current employer are unnecessary because Plaintiff will voluntarily provide her W-2's, 1099's, most-recent pay stubs, unemployment records from the TWC, and other wage records as applicable.

(c) Social Security records would be duplicative, and would contain a substantial amount of private information that simply is not relevant to Plaintiff's claim of back pay, especially where Defendant is already being provided with all of the documentation necessary to conduct a back pay analysis.

(d) In this case, Plaintiff is not seeking to recover for any "lost earning capacity," just simple back pay. There is no need to conduct an analysis of her historical earnings in that circumstance. Discovery to past employers (who Plaintiff still relies on for references) would be disruptive, and unnecessary where Plaintiff is not seeking recovery for lost earning capacity.

(e) Recognizing this, other Courts in Texas have approved a modification. Northern District of Texas Magistrate Judge David L. Horan (Case 3:19-cv-01650-BN, Doc. 14, Filed 09/24/19), and Eastern District of Texas Magistrate Judge Christine Nowak (Case 4:21-cv-00866, Doc. 10, Filed 02/08/2022) both approved a limitation on Defense counsel's ability to contact or subpoena Plaintiff's current employer (requiring prior conference with Plaintiff's counsel, and if no agreement could be reached, approval from the Court, before any contact was made).

Defendants disagree that Plaintiff has complied with the Initial Disclosure requirements by omitting the records and authorizations required under Local Rule 34 and do not believe any deviation from Federal Rule of Civil Procedure 26(a)(1) or Local Rule 34 is warranted where Plaintiff's physical and mental condition, lost earnings, lost earning capacity and back pay is at issue and she specifically alleges claims for "emotional distress" "compensatory damages" and "Equitable relief, including back pay, reinstatement or front pay" in the Complaint.

4.      Proposed Scheduling Order deadlines.

The Parties  do not anticipate any needed changes to the general time windows in the Court's standard scheduling order.  The Parties disagree, however, on when the trial should be scheduled (and as a result, when other deadlines in the case should take place).

5.      If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses. The court may appoint a mediator upon request.

The Parties propose that any settlement discussions - including mediation - be made on a strictly voluntary basis (i.e., no forced mediation - the parties may attend if they choose, but should not be forced to do so by the Court). Plaintiff believes that potential windows for meaningful discussion are: (a) after the Court rules on the pending Motion to Dismiss; or (b) after the Court rules on any Motions for Summary Judgment.

6.      What changes, if any, should be made to the limitations on discovery imposed by the rules, including number of depositions and interrogatories.

- Plaintiff requests that If Defendant pleads more than 3 affirmative defenses in its Answer, Plaintiff shall be permitted one additional interrogatory (in addition to the 25 Interrogatories permitted by Fed. R. Civ. 33(a)(1)) for each additional affirmative defense over 3, for the purpose of discovering the factual bases for each of these said affirmative defenses without having to exhaust the interrogatories allotted to her under Fed. R. Civ. 33(a)(1)).

- Defendants assert there is no basis for Plaintiff to serve additional interrogatories beyond the 25 allotted under Fed. R. Civ. P. 33 (a)(1). To the extent the Court allows Plaintiff to serve additional interrogatories, Defendants should be allowed the same amount.

7.      The identity of persons expected to be deposed.

Plaintiff intends to depose Lisa Hitt, Sarah McNeil, Paisley Hemmen, Jessica Wineland, Kelly Sanders at this time. It is highly likely that Plaintiff will, through discovery, identify other current and former employees of both Defendants that need to be deposed, as well as current former employees of the facilities where they performed their work.

Defendants intend to depose Plaintiff and her health care providers.

8.      Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced. Whether discovery should be conducted in phases or limited to or focused upon particular issues.

The parties do not believe at this time that there is any reason to conduct merits-based discovery in phases, or to focus it on particular issues.

Plaintiff proposes the following two procedures regarding ESI discovery:

A)   While initial document production may be made in bates-numbered .PDF format, the receiving party may make a written request to the producing party that particular documents be re-produced in their native format, with metadata intact and set forth the basis for the request for documents in their native format. In that event, the producing party must indicate within 10 days of said request as to whether they oppose the request, and if so on what grounds. If there is no objection, the native format files must be produced within 14 days of the date of the written request.

B)    Recognizing that there are often disputes about whether a particular individual's electronic devices are within the "possession, custody or control" of a party (*see, e.g. Miramontes v. Peraton, Inc.,* Case No. 3:21-cv-03019-B, N.D. Tex., Judge Boyle, June 6, 2023 - sanctioning Defendant for its failure to preserve text messages that were located on the personal devices of Defendant's managers; rejecting Defendant's argument that those devices were not in its possession, custody or control), Plaintiff proposes that when a party is responding to a request for production of ESI located on a device that is not owned by that party, it must clearly state, within 30 days of receiving the request: (1) whether it contends that the device is not within its possession, custody or control; and (2) if not, why not; and (3) if not, whether it is authorized to accept service of a subpoena directed to the device's owner, or whether the subpoena must instead be served directly on the device's owner.

Defendants assert that should the Court adopt Plaintiff's proposed procedure above, that Plaintiff's personal electronic devices, *i.e.*, mobile phones, laptops, iPads, etc., must also be made available to Defendants for inspection and copying.  Plaintiff disagrees because her proposal is only a proposal of *procedure* - it is not a proposal about what is, or is not, discoverable.  Nor has Plaintiff demanded that anyone's devices be made available to her for inspection and copying.  Rather, Plaintiff only requests that a procedure be put in place to provide clarity on who/what Defendant's counsel has control over (or not).  She does not demand or assume that the underlying documents or devices are discoverable at this point in time. Defendant's "counter proposal" is simply not responsive to Plaintiff's request here.   And it is not proper to decide, at the outset of a case, what is and is not discoverable.  Especially the intrusive type of discovery that Defendants demand here.

9.      <u>Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502.</u>

Plaintiff proposes that the Parties follow the following procedure (which is the rule under the Texas Rules of Civil Procedure): A party who claims that material or information responsive to written discovery is privileged may withhold the privileged material or information from the response. In that case, the party must state in the response that information or material responsive to the request or required disclosure has been withheld, identify the privilege or privileges asserted. After receiving a response indicating that material or information has been withheld from production, the party seeking discovery may serve a written request that the withholding party, asking it to identify the information and material withheld. Within 15 days of service of that request, the withholding party must serve a response that: (1) describes the information or materials withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the applicability of the privilege, and (2) asserts a specific privilege for each item or group of items withheld.

Plaintiff proposes this procedure because the Texas rule provides a clearer and more efficient framework for asserting privilege than the federal rules. Under Texas Rule 193.3, a party must expressly disclose that responsive material has been withheld and, upon request, produce a privilege log within a defined 15-day period that meaningfully enables the requesting party to assess the claim. By contrast, Federal Rule of Civil Procedure 26(b)(5) imposes no firm deadline and often results in delayed, vague, or incomplete logs that obscure whether responsive material has been withheld at all. The Texas approach promotes transparency, reduces gamesmanship, and streamlines discovery by ensuring that privilege claims are promptly and adequately substantiated.

Defendants disagree that the District Court should apply the State Court Texas Rules of Civil Procedure to this federal action, and instead, the parties should follow Fed. R. Civ. P. 26(b)(5)(A) for withholding privileged information.

10.     <u>Whether any other orders should be entered by the court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).</u>

Defendants request a stay of discovery until the Court rules on Defendants' Rule 12(b)(6) Motion to Dismiss the Original Complaint (Doc. 11) and request to brief the issues rather than detailing them here.   Plaintiff disagrees.  The filing of a motion to dismiss is not good cause for a stay.[1]

---

[1] *Pace v. Cirrus Design Corp., No. 2:24-CV-00539-JRG, 2025 WL 510231, at \*1 (E.D. Tex. Feb. 14, 2025) (Gilstrap) ("the mere filing of a motion to dismiss does not justify a stay.");  Dexon Computer, Inc. v. Cisco Sys., Inc., No. 5:22CV53-RWS-JBB, 2022 WL 22375187, at \*1 (E.D. Tex. Sept. 7, 2022) ("In the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule. A motion to stay discovery is not automatically granted whenever a motion to dismiss is pending. Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect.") (internal citations ommitted).*

Defendants request that the Scheduling Order provide deposition priority to Defendants, because on March 16, 2026, counsel for Defendants first made a request to depose the Plaintiff before depositions of Defendants.

Plaintiff does  not agree that Defendant has made real any request to depose Plaintiff.  If it had, Plaintiff would have provided dates, and the deposition would be on the books. What actually transpired was this:   On 03/16/26, Defendant's counsel stated: "If discovery moves forward, we'll want to take Ms. Seegers' deposition first before any others." That same day, Plaintiff's counsel responded: "I don't think it's appropriate to "reserve" deposition priority. If you are truly ready to proceed with her deposition within the next 60 days, then I will get you dates.  Just confirm that's what you want to do. If you aren't actually ready to proceed, then wait until you are, and I will get you dates at that time. I do not subscribe to the idea, and I do not think the caselaw supports the idea, that you have some sort of automatic entitlement to go first. If you are truly ready to go ahead, then by all means do so, full speed ahead. But don't ask for dates until you are actually ready to proceed."  Defendant only responded: "Whether I want dates depends on whether Ms. Seegers is opposed to a stay pending decision on the 12(b)(6) motion." No further request for deposition dates has been made by Defendant.

Plaintiff also does not agree to the concept that Defendant always gets to "go first" with depositions.  There is no rule that grants Defendants (or any party, for that matter) an automatic, unfettered right to "go first" in depositions.    To rule otherwise would invite undue delay, and gamesmanship.  *See e.g. Hutchison v. Greer and Wells Fargo,* No. DC-11-13742-D (Dallas County, 95th Dist. Court, Nov. 27, 2012) ("It takes little imagination to see where Wells Fargo's rule would lead. Arguably, it would likewise be proper in this case for Wells Fargo to refuse to respond to disclosure requests, interrogatories, and production requests until Plaintiff responded to equivalent discovery, even though plaintiff propounded her discovery requests first…..such a rule as Wells Fargo urges would nevertheless lead to unacceptable  gamesmanship").

If/when Defendant is ready to take Plaintiff's deposition, it need only ask, and Plaintiff will provide her available dates promptly.  If Defendant seeks to take Plaintiff's deposition before Plaintiff seeks to depose the defense witnesses, so be it - Defense will "go first."  And the reverse should also be true.

Defendants further contend that document production, including production of third-party medical records, must be completed before conducting depositions to ensure that depositions are efficiently completed with all necessary discovery responses and documents.

Plaintiff contends that no party to litigation - Plaintiff or Defense - should have to wait until the other side deems themselves "ready," or until the other side decides it has everything it wants, before it can proceed with discovery.  All litigants, even those with the burden of proof, are constitutionally entitled to equal treatment under the law. *Able Supply Co.,* 898 S.W.2d at 773 ("Both the plaintiffs and the defendants are entitled to full, fair discovery...."). It would be a denial of the plaintiff's fundamental rights for the trial courts to impose a general precondition of

giving his own deposition before being "allowed" to depose the defendants. Providing an advantage to one party is not a legitimate basis for the trial court to determine what discovery should be allowed or denied or the order in which is should occur. *Id*. The federal rules are clear: "discovery by one party does not require any other party to delay its discovery." Federal Rule of Civil Procedure 26(d)(2).

Defendant argues that Plaintiff must go first because she bears the burden of proof in this action. Plaintiff agrees, that is true. And that is why the rules of procedure governing trial afford the Plaintiff primacy in giving opening statements, in calling and examining witnesses, and in arguing the case. Recognizing this theme of primacy, most courts allow the plaintiff to go first in arguing pre-trial motions, questioning a venire panel, and making necessary post-trial motions, among other matters. Given the extent to which this "Plaintiff goes first" precept is woven into the rules governing trial practice, it is difficult to imagine that the principle should be turned on its head when a court is called upon to determine the order of witnesses in discovery.

Because the Parties' already have a disagreement on this matter, Plaintiff asks for a clear court order that both parties may conduct their discovery in whatever order they see fit. There is no automatic right to deposition priority, by either side, and no party is required to "complete" their written discovery before seeking to take a deposition.

11.    The expected length of trial and whether it will be to a jury or the bench.

Plaintiff proposes a trial date in February 2027 and anticipates that this case will take 3 to 4 days to try. The plaintiff has demanded a jury trial.

Defendants request that the trial be set no earlier than March 2027 and agree a jury trial would take three to four days.

12.    The names of the attorneys who will appear on behalf of the parties at the Management Conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

Counsel for the Plaintiff: Ashley E. Tremain
Counsel for the Defendant: Colin K. Broderick

13.    Any other matters that counsel deem appropriate for inclusion in the Joint Conference Report.

Plaintiff and Defendants (as applicable) request that the Court include in its Scheduling Order the following guidelines (mostly regarding the conduct of depositions) in this case. Plaintiff does not believe that any of the following guidelines would constitute a "change" to any federal or local rules. Given the prevalence of disputes between attorneys on these matters,

however, Plaintiff believes it would be prudent and efficient to address these matters at the outset of the discovery period:

- (1)  The Parties agree that depositions in this case may be conducted remotely via Zoom or similar videoconferencing platform, at the noticing party's discretion.

- (2)  The Parties agree that witnesses in this case may be sworn in remotely, so long as the swearing-in is performed by a person authorized under Fed. R. Civ. P. 28.

- (3)  Because the Parties' already have a disagreement on this matter Plaintiff asks the Court to make a clear order about what is permitted under Rule 30, in terms of how a deposition may be recorded.  Plaintiff asserts that the rules are clear - Deposition testimony may be recorded by audio, audiovisual, **or** stenographic means. Fed. R. Civ. P. 30. while any party may choose to bring a stenographer to any deposition in this case, neither party is required to use stenographic means to record a deposition that it has noticed.

  Defendants disagrees and states that that a departure from Fed. R. Civ. P 30 is not warranted.  Because of this lack of agreement, Plaintiff requests that the Court address the matter now, at the outset of the case.

  Plaintiff's position is that this is not a departure from Rule 30 at all - that rule explicitly allows non-stenographic recordings. The comments to the rule are also explicit: "paragraph (2) confers on the party taking the deposition the choice of the method of recording, without the need to obtain prior court approval for one taken other than stenographically."

- (4)  Because the Parties' already have a disagreement on this matter Plaintiff requests a clear court order that counsel for either party may record a deposition by audiovisual or other non-stenographic means. *See Texas Attorney General Opinion GA-0928* (an "attorney of a party" is authorized to record a deposition by non-stenographic means). Although either party may choose to use a third-party videographer to make a video recording of a deposition, neither party is required to do so.

  Defendants disagree that Texas state court rules or Texas Attorney General Opinions should displace Fed. R. Civ. P. 30 or Local Civil Rule 30.

  Plaintiff states, again, that she is not asking for a deviation from Fed. R. Civ. P. 30.  Nothing in that rule requires a "certified videographer" or a third party, or any other special form of video recording.  Local Civil Rule 30 does not address the method of recording at all.

- (5)  Because the Parties' already have a disagreement on this matter Plaintiff requests a clear court order  that, so long as a recording of a remotely-conducted

deposition complies with the requirements of Fed. R. Civ. P. 30(b), that recording (including non-stenographic recordings) of the deposition testimony may be used as evidence in this case, including at trial, and in Summary Judgment proceedings, provided it is otherwise admissible under the Federal Rules of Evidence. In other words, neither the fact that a deposition was recorded non-stenographically, nor the fact that it was conducted remotely, will be grounds for an objection to the use of a deposition recording as evidence, so long as the proceeding otherwise complied with Fed. R. Civ. P. 30(b).

Defendants disagree that any departure from Fed. R. Civ. P. 30 is warranted and the parties should follow Fed. R. Civ. P. 30(b)(4) for conducting depositions remotely.

Plaintiff asserts that Rule 30(b)(4) actually supports her position - it states that "the parties may stipulate—or the court may on motion order" allow for remote depositions.  That's exactly what Plaintiff is asking for here.

- (6)  Plaintiff assert that when counsel for either party makes a written request or proposal for dates for deposition(s), opposing counsel shall endeavour to respond and provide their available dates (and if applicable, their witness's available dates) within ten (10) business days after the written request was sent. If no response is given, the requesting Party may notice the deposition(s), and the responding Party will need to file and obtain a ruling on a motion to quash in order to move the noticed dates (unless the parties can do so by agreement). Plaintiff asserts that the purpose of this procedure is to encourage and incentivize prompt scheduling, and to disincentivize lengthy delays in obtaining available dates.

  Defendants disagree that any departure from Fed. R. Civ. P. 30 regarding the scheduling of depositions is warranted, as counsel for the parties are officers of the Court and are required to work cooperatively regarding the scheduling of depositions. Any disputes regarding discovery or depositions should be raised according to Fed. R. Civ. P. 37. As noted above, Defendants have requested to depose Plaintiff first because she carries the burden of proof on her claims. Plaintiff disagrees with this assertion as explained above.

- Plaintiff requests that the parties not be required to list demonstrative aids on their pretrial exhibit lists. Defendants, however, reserve the right to use demonstrative aids on their pretrial exhibit lists.

*Respectfully submitted,*

TREMAIN ARTAZA PLLC

By: /s/ *Ashley E. Tremain* .
Ashley E. Tremain
Texas State Bar No. 24066209
ashley@tremainartaza.com

6060 N. Ctrl. Expwy., Ste. 567
Dallas, Texas 75206
Telephone: (469) 573-0229
Facsimile: (214) 254-4941

**COUNSEL FOR PLAINTIFF
ELIZABETH SEEGERS**

   *~and~*

FISHER & PHILLIPS LLP

By: /s/ Collin K. Brodrick
Collin K. Brodrick
Texas Bar No. 24087212
cbrodrick@fisherphillips.com

500 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 220-9100
Facsimile: (214) 220-9122

**COUNSEL FOR DEFENDANTS**