UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| ELIZABETH SEEGERS,<br><br>Plaintiff,<br><br>v.<br><br>TRUHEALTH, LLC AND AMERICAN HEALTH PARTNERS,<br><br>Defendants. | Civil Action No. 4:26-cv-00042-MJT |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

In accordance with the Federal Rules of Civil Procedure 8 and 12, TruHealth, LLC ("TruHealth") and American Health Companies, LLC ("AHP") (incorrectly named in the First Amended Complaint as doing business as "American Health Partners"[1] (together, "Defendants"), by and through the undersigned counsel, files its Answer to Plaintiff Elizabeth Seegers' First Amended Complaint (the "Amended Complaint"). In support, Defendants show the following:

**DEFENDANTS' ANSWER**

**I. PARTIES**

1. Defendants deny the allegations contained in paragraph 1 of the First Amended Complaint.

2. Defendants deny the allegations contained in paragraph 2 of the First Amended Complaint.

3. Defendants deny the allegations contained in paragraph 3 of the First Amended Complaint.

[1] According to the Tennessee Secretary of State's website, American Health Partners, Inc. was dissolved on September 15, 2000, and therefore, is not a proper party to this action.

4. Defendants deny the allegations contained in paragraph 4 of the First Amended Complaint.

5. Defendants deny the allegations contained in paragraph 5 of the First Amended Complaint.

6. Defendants deny the allegations contained in paragraph 6 of the First Amended Complaint.

## II. JURISDICTION AND VENUE

7. Defendants deny the allegations contained in paragraph 7 of the First Amended Complaint.

8. Defendants deny the allegations contained in paragraph 8 of the First Amended Complaint.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Defendants deny the allegations contained in paragraph 9 of the First Amended Complaint.

## IV. FACTS

10. Defendants deny the allegations contained in paragraph 10 of the First Amended Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the First Amended Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the First Amended Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the First Amended Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the First Amended Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the First Amended Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the First Amended Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the First Amended Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the First Amended Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the First Amended Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the First Amended Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the First Amended Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the First Amended Complaint.

23. Defendants deny the allegations contained in paragraph 23 of the First Amended Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the First Amended Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the First Amended Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the First Amended Complaint.

27. Defendants deny the allegations contained in paragraph 27 of the First Amended Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the First Amended Complaint.

29. Defendants deny the allegations contained in paragraph 29 of the First Amended Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the First Amended Complaint.

31. Defendants deny the allegations contained in paragraph 31 of the First Amended Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the First Amended Complaint.

33. Defendants deny the allegations contained in paragraph 33 of the First Amended Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the First Amended Complaint.

35. Defendants deny the allegations contained in paragraph 35 of the First Amended Complaint.

36. Defendants deny the allegations contained in paragraph 36 of the First Amended Complaint.

37. Defendants deny the allegations contained in paragraph 37 of the First Amended Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the First Amended Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the First Amended Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the First Amended Complaint.

41. Defendants deny the allegations contained in paragraph 41 of the First Amended Complaint.

## V. CAUSES OF ACTION

### COUNT ONE: DISABILITY DISCRIMINATION (Tex. Labor Code Chapter 21)

42. Defendants deny the allegations contained in paragraph 42 of the First Amended Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the First Amended Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the First Amended Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the First Amended Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the First Amended Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the First Amended Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the First Amended Complaint.

49. Defendants deny the allegations contained in paragraph 49 of the First Amended Complaint.

**COUNT TWO:**
**FAILURE TO ACCOMMODATE**
**(Tex. Labor Code Chapter 21)**

50. Defendants deny the allegations contained in paragraph 50 of the First Amended Complaint.

51. Defendants deny the allegations contained in paragraph 51 of the First Amended Complaint.

52. Defendants deny the allegations contained in paragraph 52 of the First Amended Complaint.

53. Defendants deny the allegations contained in paragraph 53 of the First Amended Complaint.

54. Defendants deny the allegations contained in paragraph 54 of the First Amended Complaint.

55. Defendants deny the allegations contained in paragraph 55 of the First Amended Complaint.

56. Defendants deny the allegations contained in paragraph 56 of the First Amended Complaint.

57. Defendants deny the allegations contained in paragraph 57 of the First Amended Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the First Amended Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the First Amended Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the First Amended Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the First Amended Complaint.

62. Defendants deny the allegations contained in paragraph 62 of the First Amended Complaint.

## VI. JURY DEMAND

## PRAYER

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that Defendants do not otherwise bear, reserving their right to amend this Answer to assert additional defenses that may become known during these proceedings, and as otherwise permitted by the Federal Rules of Civil Procedure, and orders of this Court, Defendants assert the following affirmative and other defenses:

1. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims fail, in whole or in part, because accommodating and/or continuing to employ Plaintiff would have imposed an undue hardship on Defendants.

3. Plaintiff's claims are barred because Defendants' actions were based on legitimate, non-discriminatory business reasons, unrelated to discrimination, retaliation or any other statutorily-protected classification or activity.

4. To the extent it may become applicable after discovery, after-acquired evidence of conduct by Plaintiff that would have resulted in the termination of employment operates to bar relief for any alleged wrongdoing by Defendants in this case.

5. Plaintiff's claims for damages should be barred or reduced to the extent that she failed to mitigate her alleged damages.

6. Any actions taken by Defendants were in good faith, and Defendants had reasonable grounds to believe its actions, if any are determined unlawful over Defendants' objections, were law, non-discriminatory, and non-retaliatory and not in violation of the Texas Commission on Human Rights Act  or any other state or federal law.

7. Plaintiff's claims are barred, in whole or in part, because Defendants' actions taken against Plaintiff were based on requirements that are job-related and consistent with business necessity.

8. Plaintiff's disability discrimination claims are barred because she: (i) was not a "qualified individual with a disability"; (ii) did not possess a qualifying record of impairment; and/or (iii) Defendants did not regard Plaintiff as disabled, as required.

9. Plaintiff's claims fail, in whole or in part, because Plaintiff's own acts or omissions caused or contributed to Plaintiff's termination and/or her alleged damages.

10. Plaintiff's claims are barred to the extent that she failed to exhaust her administrative remedies.

11. Although Defendants deny Plaintiff's allegations of discrimination, Defendants assert alternatively that Defendants may not be held vicariously liable for punitive/liquidated damages based on any unlawful employment decision, if any, by managerial agents because any such decisions would be contrary to Defendants' policies and good-faith efforts to comply with the TCHRA.

12. Plaintiff's claims are barred, in whole or in part, because Defendants would have taken the same action in the absence of any alleged impermissible motivating factor(s).

13. Some or all of Plaintiff's claims are barred by the employment at-will doctrine.

14. Plaintiff's alleged claims for compensatory and/or punitive damages, if any, are not merited in this case, or in the alternative, are limited by statutory caps.

15. Defendants maintain, disseminate, and enforce lawful, reasonable policies prohibiting disability discrimination, retaliation, and harassment and the conduct about which Plaintiff complains and also maintains and implements reasonable, lawful procedures for resolving any such complaints. To the extent Plaintiff reported any of these allegations, Defendants promptly investigated and took reasonable, lawful corrective action. To the extent Plaintiff failed to report some of these alleged violations, and to invoke or exhaust Defendants' procedures, Plaintiff's actions were unreasonable in view of Plaintiff's knowledge of the policy and the availability of a means to complain.

16. Plaintiff's alleged damages for mental anguish and emotional distress, if any, resulted in whole or in part, from acts or events that are unrelated to Defendants' conduct or actions, if any.

17. Defendants assert that to the extent Plaintiff has received benefits from collateral sources or other offsets, Plaintiff's alleged damages must be reduced accordingly.

18. Any and all damages claimed by Plaintiff are subject to all statutory exclusions and limitations.

19. Plaintiff is not entitled to recover punitive or exemplary damages.

Defendants reserve the right to assert additional defenses that may become apparent from discovery.

## ATTORNEYS' FEES

Defendant hereby seeks an award of its attorneys' fees pursuant to 42 U.S.C. § 12205, Tex. Lab. Code § 21.259, and any other applicable statutes or common law precedents.

## CONCLUSION AND PRAYER

Defendants pray that the Court enters judgment that Plaintiff take nothing by her causes of action, dismisses Plaintiff's Complaint with prejudice, awards Defendants their court costs (and any recoverable attorney's fees), and grant any further relief to which the Court determines Defendants are justly entitled.

Respectfully submitted,

/s/ *Collin K. Brodrick*
Collin K. Brodrick
Texas Bar No. 24087212
cbrodrick@fisherphillips.com
Kevin R. Brady (Pro Hac Vice)
kbrady@fisherphillips.com
FISHER & PHILLIPS LLP
500 Crescent Court, Suite 300
Dallas, Texas 75201
Telephone: (214) 220-8306
Facsimile: (214) 220-9122

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on August 7, 2026, I filed the foregoing using the Court's Electronic Filing System, which will send notification of this filing upon all the parties and counsel of record.

*/s/ Collin K. Brodrick*
Collin K. Brodrick